NEVEL *v.* HOLLINS

No. 40435          April 8, 1957          93 So. 2d 847

*Breland & Whitten,* Sumner; *Stovall Lowrey,* Clarksdale, for appellant.

*Holcomb & Curtis,* Clarksdale, for appellee.

ARRINGTON, J.

Mrs. Maude Nevel, the mother of Roy Nevel, Jr. deceased, filed this suit for herself and the heirs at law in the Circuit Court of Coahoma County against J. C. Hollins, driver of a tractor-truck owned by John Quinn, his employer, to recover damages for the alleged wrongful death of Roy Nevel, Jr., as a result of a collision between an automobile driven by the deceased and the truck operated by appellee. From an adverse verdict she appeals.

The collision occurred on U. S. Highway 49 approximately two miles north of Tutwiler about midnight on January 25, 1956. The deceased was traveling south toward Tutwiler in a Ford car and the appellee north in the truck on said highway. The declaration charged that the appellee was negligent in that he was driving at an unlawful rate of speed and in a reckless manner; that he negligently failed to have and keep his truck under

control and negligently caused the truck to be driven in the west lane of traffic in which the deceased was traveling which resulted in the collision and death of the deceased.

■■ The jury was fully justified in finding from the evidence that the collision occurred in the east lane of traffic. We will not detail the evidence as we have carefully examined the plats, photographs, and testimony in this case and find that the verdict of the jury is amply supported by the physical facts and the testimony of the eye witnesses. The essential issue was one of fact, whether appellee negligently drove his truck to his left into the west traffic lane or whether appellant's deceased drove his car into the east lane at the time and place of the collision. The overwhelming weight of the evidence supports the jury's finding that the negligence of the appellant's deceased was the sole proximate cause of the accident. We have examined and considered the assignments of error argued by the appellant: The granting of certain instructions to appellee, the rejection and admission of evidence, and that the verdict was against the overwhelming weight of the evidence, and find no reversible error therein.

Affirmed.

*Roberds, P. J.,* and *Kyle, Ethridge* and *Gillespie,* JJ., concur.